TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2426
     Facsimile: (213) 894-0142
     E-mail: Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>                 v.<br><br>$81,122.00 IN U.S. CURRENCY, AND THIRTY-ONE U.S. RETAILER 1 GIFT CARDS WITH A VALUE OF $13,330.57,<br><br>            Defendants. | No. 8:21-cv-679<br><br>**VERIFIED COMPLAINT FOR FORFEITURE**<br><br>18 U.S.C. § 981(a)(1)(C)<br><br>[F.B.I.] |

Plaintiff United States of America ("the government") brings this claim against defendants $81,122.00 in U.S. Currency and Thirty-One U.S. Retailer 1 Gift Cards With A Value Of $13,330.57, and alleges as follows:

JURISDICTION AND VENUE

1.   The government brings this in rem civil forfeiture

1. action pursuant to 18 U.S.C. § 981(a)(1)(C).

2. This Court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395.

PERSONS AND ENTITIES

4. The plaintiff is the United States of America.

5. The defendants are $81,122.00 In U.S. Currency and Thirty-One U.S. Retailer 1 Gift Cards With A Value Of $13,330.57 (collectively, the "defendant assets") seized by law enforcement officers during the execution of a federal search warrant on August 19, 2020 at the residence of Abdallah Osseily ("Osseily") located in Irvine, California.[1]

6. The defendant assets are currently in the custody of the United States Marshals Service in this District, where they shall remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of Osseily, Nassim Essayli, Adam Essayli, Ibrahim Nasrallah, Shane Myburgh, Anthony McClennen, Reed Austin Goodfriend, Melchor Andre Yap Puno, Richard McClellen, Michael Dwyer, Shelby Hays, and Bassam Khalil Essayli may be adversely affected by these proceedings.

//
//

---

[1] Pursuant to Local Rule 5.2-1 only the city and state of residences are set forth in this Complaint.

FACTS SUPPORTING FORFEITURE

***BACKGROUND ON U.S. RETAILER 1'S DISCOUNT PROGRAMS***

8. U.S. Retailer 1 is an American retail company headquartered in Minnesota, operating approximately 1,900 retail stores in all 50 states.

9. U.S. Retailer 1 offered various discounts to its employees and customers, including the following:

    a. <u>The Team Member Discount</u>: U.S. Retailer 1 offered current and retired employees (and their dependents) a 10% discount off U.S. Retailer 1 merchandise, which U.S. Retailer 1 called the Team Member discount. Employees could show their eligibility for the Team Member discount in various ways. For example, they could present their physical Team Member Discount Cards or provide their eight-digit Team Member numbers at the checkout register. Each current employee had a unique Team Member number, while all retired employees used the same Team Member number, ending in 6800. In 2017, U.S. Retailer 1 began allowing employees to show their eligibility for the Team Member discount by loading their Team Member numbers into U.S. Retailer 1's mobile phone application and scanning a barcode from that application at the checkout register.

    b. <u>Wedding and Baby Registry Discounts</u>: U.S. Retailer 1 allowed customers to create wedding and baby registries. To create a wedding or baby registry, customers had to provide basic information, including the customer's name, email address, and the wedding date or anticipated

birth/adoption date.  After creating the registry, the customer could add merchandise to it.  U.S. Retailer 1 offered various discounts related to these registries.  For example, U.S. Retailer 1 offered customers a 15% discount off registry items that had not been purchased within a certain time of the wedding date or anticipated birth/adoption date.

      c.   <u>Flat-Rate Discounts</u>: U.S. Retailer 1 offered customers flat-rate discounts, including $5, $10, $15, and $20 coupons, and 5% off and 10% off coupons.  According to information printed on the coupons, customers could use each flat-rate discount one time only during a single transaction.

      d.   <u>The Military Discount</u>: U.S. Retailer 1 offered active and former United States military servicemembers (and their dependents) a 10% discount off U.S. Retailer 1 merchandise around Veterans' Day.  Servicemembers could get the military discount by requesting a coupon in advance, or by simply identifying themselves as a servicemember at the checkout register.  U.S. Retailer 1 instructed its employees, in writing, to "take the guest's word that they are military personnel," instead of asking for military identification.

      e.   <u>The Birthday Discount</u>: U.S. Retailer 1 offered customers 5% discounts off items purchased on their birthdays. Customers could get the birthday discount by providing basic information to U.S. Retailer 1, including their name, email address, and birthday.  U.S. Retailer 1 would email birthday coupons to customers on their birthdays.

4

   f. <u>Rain Check Discounts</u>: U.S. Retailer 1 issued physical rain check coupons to customers when on-sale items were out of stock.  Rain check coupons allowed customers to buy the out-of-stock items or certain substitute items on future dates at the sale price, even if the sale had expired.

 10. U.S. Retailer 1 generally allowed customers to return unused and unopened items within 90 days of purchase for a full refund of the purchase price.  At times, however, U.S. Retailer 1's systems generated incorrect refunds.  For example, for same-day returns of items purchased with the Team Member discount, U.S. Retailer 1 would issue a refund at the full retail price -- instead of the full retail price less the Team Member discount -- which would result in a refund greater than the purchase price.

### *OSSEILY's 2019 FRAUD INDICTMENT*

 11. In 2019, investigators found that Osseily had committed bank fraud against two FDIC-insured financial institutions in 2016 and 2018 by submitting falsified tax returns that fraudulently inflated his income. Specifically,

   a. In July 2016, Osseily submitted a Union Bank business loan application for $50,000 indicating that his business earned a gross income of $945,932, when in fact it had earned $445,937.  Union Bank rejected the loan.

   b. In January 2018, Osseily submitted a falsified tax return to American Express as part of an application to increase his credit card spending limit.  American Express

approved a $150,000 line of credit.

12. On June 18, 2019, a grand jury indicted Osseily in connection with the Union Bank and American Express fraud, as well as immigration fraud for failing to disclose this information during a naturalization interview. Specifically, the grand jury charged Osseily with bank fraud, attempted unlawful procurement of naturalization, and false statement in an immigration proceeding.

### OSSEILY's FRAUDULENT SCHEME ON U.S. RETAILER 1's DISCOUNT PROGRAMS

13. In January 2020, Federal Bureau of Investigation ("FBI") agents spoke with representatives from U.S. Retailer 1's National Investigations Center and were informed that U.S. Retailer 1's investigators had found that Osseily and co-conspirators had fraudulently bought millions of dollars of merchandise from U.S. Retailer 1 stores across the United States.

14. The conspirators were subsequently identified as Osseily, Nassim Essayli, Adam Essayli, Ibrahim Nasrallah, Shane Myburgh, Anthoney McClennen, Richard McClennen, Reed Austin Goodfriend, Melchor Andrey Yap Puno, Michael Dwyer, Shelby Hays, and Bassam Khalil Essayli.

15. According to U.S. Retailer 1's representatives, Osseily and his co-conspirators used false representations to obtain discounts they were not eligible or entitled to have. Osseily and his co-conspirators committed fraud by several

methods, including the use of false gift registries, altered rain checks, and the use of U.S. Retailer 1's employee discount codes by non-U.S. Retailer 1 employees.

16. Osseily and his co-conspirators used Osseily's inflated credit lines to maximize fraudulent purchases from U.S. Retailer 1. Specifically, Osseily and his co-conspirators used Osseily's credit to purchase U.S. Retailer 1 gift cards, sometimes purchasing hundreds of thousands of dollars of gift cards in a single day.

17. Between 2014 and 2020, Osseily and his co-conspirators traveled to hundreds of U.S. Retailer 1 stores across the United States where they redeemed gift cards to purchase millions of dollars in U.S. Retailer 1 merchandise. Osseily and his co-conspirators purchased merchandise at U.S. Retailer 1 at reduced prices through the fraudulent use and manipulation of U.S. Retailer 1 discounts to which Osseily and his co-conspirators were not entitled, including U.S. Retailer 1's employee Team Member discount, wedding and baby registry discounts, flat-rate discounts, and military discounts, among others. Osseily and his co-conspirators profited from the refund fraud scheme. The co-conspirators returned merchandise purchased from U.S. Retailer 1 using the Team Member Discount the same day as the merchandise was purchased and thereby received refunds greater than the price originally paid for the merchandise.

18. Investigators learned from digital records obtained by a federal search warrant in March 2020 that Osseily and his co-

conspirators communicated extensively by mobile telephone in the course of conducting their fraudulent scheme.

19. This digital evidence revealed that Osseily directed his co-conspirators by text message. Osseily's co-conspirators sent Osseily photographs of U.S. Retailer 1 receipts indicating the merchandise they bought and the discounts they used. Osseily and his co-conspirators used mobile telephones during and in furtherance of their scheme to defraud U.S. Retailer 1, including through the use of U.S. Retailer 1 mobile applications.

20. Once the merchandise was purchased, Osseily's co-conspirators mailed it to Osseily who then resold it to third parties for a profit. Osseily then paid his co-conspirators for their participation in the fraudulent scheme.

21. On July 17, 2020, a First Superseding Indictment was filed against Osseily and co-conspirators and charged defendants with mail fraud, wire fraud, aggravated identity theft, subscribing to a false tax return, and false statement in immigration proceeding. See U.S. v. Abdallah Osseily, et al.; Case No. 8:19-cr-00117-JAK. On August 19, 2020 a federal search warrant was executed on Osseily's residence in Irvine, California. During the search of the residence, investigators found and seized the defendant assets.

22. Based on the above, the government alleges that the defendant assets constitute or are derived from proceeds traceable to violations, or a conspiracy to commit violations of

18 U.S.C. §§ 1341 (mail fraud), 1343 (wire fraud) and 1028(a)(7) (fraud in connection with identification documents), each of which is a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)  The defendant assets are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE, plaintiff United States of America prays:

(a)  that due process issue to enforce the forfeiture of the defendant assets;

(b)  that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c)  that this Court decree forfeiture of the defendant assets to the United States of America for disposition according to law; and

(d)  for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: April 13, 2021        TRACY L. WILKISON
                             Acting United States Attorney
                             BRANDON D. FOX
                             Assistant United States Attorney
                             Chief, Criminal Division
                             STEVEN R. WELK
                             Assistant United States Attorney
                             Chief, Asset Forfeiture Section

                             /s/ Dan G. Boyle
                             DAN G. BOYLE
                             Assistant United States Attorney

                             Attorneys for Plaintiff
                             UNITED STATES OF AMERICA

**VERIFICATION**

I, Pamela Schwartz, hereby declare that:

1. I am a Special Agent with the Federal Bureau of Investigation (the "FBI") and am the case agent for the forfeiture matter entitled <u>United States v. $81,122.00 in U.S. Currency and Thirty-One U.S. Retailer 1 Gift Cards With A Value Of $13,330.57</u>.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports and information provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed April 13, 2021 in Orange, California.

*Pamela Schwartz*
Pamela Schwartz
Special Agent-FBI